IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DANNY DEATON,

    Plaintiff,

v.　　　　　　　　　　　　　　　　No. 99-2815

CITY OF MEMPHIS, et al.,

    Defendants.

---

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE AND GRANTING PLAINTIFF'S MOTION IN LIMINE

---

This action was initiated on September 17, 1999 by the Plaintiff, Danny Deaton, under 42 U.S.C. §§ 1983 and 1988 alleging that the Defendants, various Memphis police officers and the City of Memphis, violated his constitutional and state law rights in connection with incidents occurring during his arrest. In ruling on various motions filed by the Defendants, the Court has dismissed many of the Defendants, including the City of Memphis, except for the individual officers and Mayor W. W. Herenton. The remaining claims against these Defendants include Deaton's allegations of unlawful search and seizure and use of excessive force in violation of the Fourth Amendment of the United States Constitution, violation of the right to adequate medical care under the Fourteenth Amendment, and intentional infliction of emotional distress under the Tennessee common law.[1] Before the Court are two motions in limine, one filed by the Defendant officers and the other by the

---

[1] The only claim remaining against Herenton is for negligence under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-101 et seq. In considering Herenton's motion to dismiss, former District Judge Julia S. Gibbons concluded that he had not requested dismissal of Plaintiff's negligence claim, and therefore, found that the claim survived. (See Order Granting In Part Def. W.W. Herenton's Mot. to Dismiss at 11.)

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-27-05

Plaintiff.[2] As the parties have responded to the motions, they are now appropriate for disposition.

### I. Defendants' Motion in Limine

First, Defendants seek to exclude witness statements of Delola Wright and Officer Lowrance from the internal affairs files because they "may be hearsay." (Mot. Def. Officers in Limine Exclude Certain Proof Testimony Mem. Supp. Thereof ("Def. Mot.") at 1.) However, as the Defendants have not indicated the context in which the statements were made nor their content, the Court cannot determine their admissibility at this time. For instance, if Lowrance, now deceased, made a statement while dying, such a remark might be admissible under Rule 804(b)(2) of the Federal Rules of Evidence as a dying declaration if it met the requirements of that Rule. See Fed. R. Evid. 804(b)(2); see also Fed. R. Evid. 803. Thus, Defendant's motion to exclude this evidence is denied without prejudice, subject to being renewed at trial.

Second, the individual officers seek to exclude "Internal Affairs/Security Squad and any other records of [Memphis Police Department] investigations regarding alleged shooting of John [Lowrance]" because the statements may contain hearsay and hearsay within hearsay statements. (Def. Mot. at 2, 4.) Again, without the context and more specificity regarding these records and how they were created, the Court is unable to conclude that the records are inadmissible. See Fed. R. Evid. 803(6) & (8). As the Plaintiff points out, it is impossible to determine the hearsay nature without further information. (Pl.'s Mem. Resp. Def. Officer's Mot. In Limine ("Pl.'s Mem.") at 4.) Accordingly, the records cannot be excluded at this time.

---

[2] The Defendant officers filed objections to Plaintiff's Federal Rule of Civil Procedure 26(a)(3) disclosures which request exclusion of the same evidence that is discussed in their motion in limine. Therefore, the Court will only address the Defendants' motion.

Next, the Defendants seek to keep out evidence regarding "Statement of charges, administrative summons, Hearing summary Form I, Administrative Summons (Appeal), Commanding Officers's performance Report re: Defendant Officers; all disciplinary files as to these Defendant Officers and John Lowrance, and personnel files of Defendant officers and testimony as to the information contained in the foregoing documents." (Def. Mot. at 2.) Defendants argue that this evidence is irrelevant under Rule 401 and 402 of the Federal Rules of Evidence and unfairly prejudicial under Rule 403. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Nevertheless, relevant evidence may be excluded by the Court if the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. However, because the Court is uncertain about what the Statement of charges, administrative summons, Hearing summary Form I, and Administrative Summons (Appeal) are and whether they would tend to make a fact more or less probable, the Court cannot determine the relevancy of the documents or ascertain whether they would be unfairly prejudicial under Rule 403.

With respect to the officers' disciplinary and personnel files and commanding officers' performance reports, the Defendants argue that this evidence is unfairly prejudicial and inadmissible under Rule 404(b) as prior bad acts. (Def. Mot. at 2-3.) Rule 404 precludes a party from putting on evidence of a person's crimes, wrongs, or bad acts for the purpose of proving action in conformity therewith on the occasion in question. Fed. R. Evid. 404. However, such evidence is admissible for other purposes, "such as proof of motive, opportunity, intent, . . . or absence of mistake or accident." Fed. R. Evid. 404(b). Defendants submit that evidence of intent or absence of mistake is not relevant

3

in this case because in excessive force cases the standard is "objective reasonableness" of the officer in light of the facts and circumstances confronting them at the time. (Def. Mot. at 3.) In Graham v. Conner, 490 U.S. 386, 399, 109 S.Ct. 1865, 1873, 104 L.Ed.2d 443 (1989), the Supreme Court concluded that the "Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances, and subjective concepts like 'malice' and 'sadism' have no proper place in that inquiry."[3]

Plaintiff responds that the personnel files are relevant to whether the City adequately trained, retained, and disciplined the officers. (Pl.'s Mem. at 3.) However, because the City of Memphis is no longer a party to this litigation, Plaintiff's position is tenuous. In Franklin v. Messmer, No. 03-5184, 2004 WL 2203592, at **1 (6th Cir. Sept. 14, 2004), the Sixth Circuit found that the district court properly excluded as neither probative nor relevant, evidence regarding the police officer's prior conduct and disciplinary complaints indicating that the officer had engaged in excessive force in the past. Observing that the "reasonableness inquiry" under Graham in excessive force cases is

---

[3] Nonetheless, courts have recognized an exception to allow for allegations of punitive damages since a plaintiff can only recover punitive damages when there is evidence of evil motive or reckless disregard of the constitutional rights of others. Smith v. Wade, 461 U.S. 30, 51, 103 S.Ct. 1625, 1637, 75 L.Ed.2d 632 (1983) (to recover punitive damages requires proof of evil motive); see e.g., Martinez v. City of Stockton, 132 F.R.D. 677, 682-83 (E.D. Cal. 1990), overruled on other grounds by Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997) (recognizing two caveats to the general rule of Graham, when a municipality or county is named in the excessive force suit and when the complaint contains allegations of punitive damages); Moody v. Ferguson, 732 F. Supp. 627 (D.S.C. 1989); Pastre v. Weber, 717 F. Supp. 992 (S.D.N.Y. 1989). Here, Deaton has asserted a claim for punitive damages based on the Defendants' malicious and intentional conduct. (See Compl. at 13-14.) Additionally, Plaintiff has asserted a claim for intentional infliction of emotional distress under Tennessee common law which requires that the conduct complained of be either intentional or reckless. See Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). Inasmuch as the parties have not specifically addressed this issue, the Court defers resolution of the question of admissibility for these purposes until trial.

4

an objective one, the court determined that evidence used "to demonstrate [the officer's] underlying intent in arrests, i.e., his propensity for excessive force, . . . was properly excluded." Id. (citing Bowman v. Corr. Corp. of Am., 350 F.3d 537, 549 (6th Cir. 2003). Likewise, in Carter v. District of Columbia, 795 F.2d 116, 131 (D.C. Cir. 1986), the court concluded that "[p]ermitting the jury to consider the complaints and accounts of misconduct contained in the personnel files of [the defendant officers] presented a grave danger of unfair prejudice" and is "precisely what Rule 404(b) proscribes." Id.; see also Berkovich v. Hicks, 922 F.2d 1018, 1022-23 (2d Cir. 1991) (holding that the trial court did not abuse its discretion in finding the slight probative value of the defendant officer's history of prior civilian complaints, with regard to a theory of motive, pattern, or other theories of relevance, was substantially outweighed by its potential for unfair prejudice). Accordingly, the Court GRANTS the Defendants' motion as to the officers' personnel and disciplinary records and commanding officers' performance reports regarding the same.

Next, the Defendants seeks to exclude the "[Memphis Police Department] Incident report; Internal Affairs/Security Squad and any other records of [Memphis Police Department] investigations regarding [Plaintiff's] arrest" because these documents contain hearsay or opinion. However, without the ability to inspect the records and determine whether any hearsay exceptions apply to the reports as well as to statements contained in the reports, the Court must await until trial to determine the admissibility of this evidence. See Fed. R. Evid. 805.

Finally, the officers ask the Court to exclude part of the Plaintiff's expert's testimony with respect to alleged constitutional violations of any individuals other than the Plaintiff, introduction of any alleged conspiracy, and testimony as to alleged perjury as to any Defendant based on opinion. (Def. Mot. at 4.) Plaintiff contends that any opinions by his expert, Fred G. Robinette, III, that

5

constitutional violations occurred prior to Deaton's incident would be relevant to both training and discipline polices and customs alleged against the City. As previously noted, the City is no longer a party to this litigation, and therefore, evidence of the its policies and customs is not relevant. Additionally, Plaintiff concedes that he has no plans to submit expert testimony regarding perjury. Thus, the Defendants' motion is GRANTED regarding evidence of constitutional violations by the Defendants that occurred prior to Deaton's incident and with respect to any testimony of perjury committed by the Defendants. However, without a more specific reference to what the evidence of the "alleged conspiracy" may contain and its purpose, the Court is unable to completely rule on this evidence until trial.

II. Plaintiff's Motion in Limine[4]

Plaintiff seeks exclusion of any mug shots or photographs of him that may have been taken on September 23, 1998. Deaton additionally asks that the Court prohibit evidence regarding his arrest record or history. The Defendants argue that the Court cannot determine the issue of whether Plaintiff's record is admissible without knowing the type and date of the arrests, citing to Federal Rule of Evidence 609 which provides that, for the purpose of attacking the credibility of a witness, evidence of criminal convictions may be admitted when certain requirements have been met. However, Rule 609 specifically refers to convictions, "and one may not extrapolate from convictions to other situations such as arrests." United States v. Wilson, 244 F.3d 1208, 1217 (10th Cir. 2001) (citing United States v. Enjady, 134 F.3d 1427, 1435 (10th Cir.), cert. denied, 525 U.S. 887, 119 S.Ct. 202, 142 L.Ed.2d 165 (1998) (Rule 609 "inapposite" where acts in question "did not result in

---

[4] On January 10, 2005, Deaton filed objections pursuant to Federal Rule of Civil Procedure 26(a)(3) to materials identified by Defendant officers. This filing also contained a related motion in limine.

criminal convictions"). Moreover, even if Rule 609 applied to arrests, "the potential for prejudice is high and past arrests have little probative value because 'arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty.'" Id. (citing United States v. Robinson, 978 F.2d 1554, 1559-60 (10th Cir. 1992) (quoting Michelson v. United States, 335 U.S. 469, 482, 69 S.Ct. 213, 93 L.Ed. 168 (1948))). Therefore, the Court concludes that any evidence regarding past arrests of Plaintiff is irrelevant and inadmissible. In their response, Defendants have not argued that they should be able to admit mug shots or photographs of Deaton. Accordingly, Plaintiff's motion in limine is GRANTED.

## CONCLUSION

Accordingly, for the reasons stated herein, the Defendants' motion in limine is GRANTED in part and DENIED in part, and Plaintiff's motion in limine is GRANTED.

IT IS SO ORDERED this 24th day of June, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 174 in case 2:99-CV-02815 was distributed by fax, mail, or direct printing on June 27, 2005 to the parties listed.

---

John B. Burgess
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Nicholas E. Bragorgos
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Heather Anne Kirksey
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Honorable J. Breen
US DISTRICT COURT