IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 12 PM 3: 13

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

DANNY L. DEATON,

     Plaintiff,

v.

LIEUTENANT CORNELL DYE,
OFFICER JOSEPH N. JOHNSON,
OFFICER MICHAEL SPEARMAN
And OFFICER KAM WONG

     Defendants.

No.   99-2815-B

## ~~PROPOSED~~ JOINT PRE-TRIAL ORDER

Come now the parties hereto and submit their Joint Pre-Trial Order.

### PARTIES

The Plaintiff, Danny Deaton is represented by John Barry Burgess and David Sweeney.

The Defendants, Joseph N. Johnson, Kam Wong, Michael Spearman and Cornell Dye are represented by Thomas E. Hansom and Jean Markowitz.

### JURISDICTION

There are no jurisdictional questions remaining.

### PENDING MOTIONS

There are no motions currently pending.

### MOTIONS IN LIMINE

Defendants have filed Motions in Limine regarding objections to Dr. Davis' deposition

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 7-12-05

-1-

182

and Plaintiff's trespass claim.

## CONTENTIONS OF THE PARTIES

**Contentions of the Plaintiff:**

The Plaintiff contends that on or about September 23, 1998, in the very early morning

hours, the Plaintiff was lawfully sleeping at his home, which was then located at 4047 Grey, in

Memphis, Shelby County, Tennessee.   At or about that time, Memphis Police Officer,

Christopher Lowrance made a series of calls the MPD dispatcher related to a traffic stop made by

him.   He reported an exchange of gunfire whereupon he was struck by one of the bullets.   The

dispatcher placed a call on all frequencies for available cars with the expectation that all available

cars would respond.   Officer Lowrance's ticket book was located by other officers and a

description of a suspect, being Richard Johnson, male, white with a beard wearing a plaid shirt

and driving a brown 1985 Oldsmobile.   Richard Johnson's address was reported to be 4027 Grey.

In excess of 50 police officers from all over the Memphis area proceeded to Grey Road to assist

with the search for the suspect, Richard Johnson.   The Defendants, Joseph N. Johnson

(hereinafter "Johnson"), Kam Wong (hereinafter "Wong"), and Michael Spearman (hereinafter

"Spearman") were among the officers that went to Grey Road.   The officers were unable to locate

the address 4027 Grey.   Eventually, one or more police officers spoke to Mr. Elmer C. Gray, Jr.

who lived at 1492 North Graham, on the corner of Grey and North Graham, which is next door to

the residence of Danny Deaton at 4047 Grey.   Elmer Gray witnessed squad cars passing by his

home.   He stepped out his back door and remained by the door.   He spoke to police officers and

advised them regarding what he had seen.   (Because this Court has ruled that the officers did not

have probable cause to enter the resdence next door at 4047 Grey, the parties agree that the court

should provide appropriate instruction to the jury during the trial to avoid any potential jury

confusion related to these issues.)  In the front yard of the residence at 4047 Grey, officers encountered one of the occupants of that home, Charles Benson and another individual, Jeff Simpkins who were forced to lie on the ground by officer.  The police officers in question, Johnson, Wong, Spearman and others illegally entered the premises at 4047 Grey without any warrant, probable cause, permission or any other authority.  After entering the premises, officers Johnson, Wong and others illegally entered the bedroom occupied by the Plaintiff, Danny Deaton surprising him.  Said officers entered the bedroom pointing weapons, including a shotgun, toward Mr. Deaton.  They immediately accosted Mr. Deaton in a violent and unlawful fashion and thereafter began beating him.  The beating administered to Danny Deaton was excessive and wholly unjustified.  Said police officers entered the residence and bedroom of the Plaintiff, Danny Deaton even though he was totally innocent of any wrongdoing.  Police officers including Spearman, Johnson, Wong and Cornell Dye were guilty of additional acts of wrongdoing by their failure to intercede and prevent the use of excessive force by officers who were administering the unjustified blows to the Plaintiff, Danny Deaton.

Although literally dozens of officers went to the location at 4047 Grey, there was no supervision present at the time of the entry of the residence.  The Lieutenant, Cornell Dye was dispatched to the scene but did not arrive until after Mr. Deaton was being removed from the house.  Thereafter he failed to intercede to secure medical treatment for Mr. Deaton who was observed to be bleeding.

That the aforementioned acts by the Defendants including willfully and maliciously entering his residence illegally, pointing their guns at the Plaintiff, violently beating and injuring the Plaintiff without any cause of justification placed the Plaintiff in mortal fear for his life and further subjected him to serious personal injury needing immediate medical attention which was

initially denied by the aforementioned police officers.

Following the illegal trespass the Plaintiff was wrongfully and unlawfully arrested, detained, and imprisoned against his will although he had committed no crime. At the time of said arrest and imprisonment, Mr. Deaton was assaulted, battered and subjected to excessive force. Said arrest was perpetrated by arresting officers Wong and Johnson even though they had no probable cause, warrant or other legal authority for making the arrest.

Thereafter, the physical and emotional abuse of the Plaintiff continued as he was removed from the residence with undue force wearing only his underwear in front of a crowd of police officers and others who had gathered on the lawn denying the Plaintiff Danny Deaton an opportunity to dress himself before willfully, intentionally and outrageously subjecting him to extreme humiliation, anguish and emotional distress with no regard for his physical injury and bleeding wounds which had been inflicted unlawfully and criminally by Defendant police officers inside the residence. This humiliation was exacerbated by Defendants' failure to afford Mr. Deaton an opportunity to use the restroom, which resulted in him soiling himself. He was further denied the opportunity to clean himself thereafter. The Defendants also permitted local news media to film Mr. Deaton while under arrest and wearing only his underwear.

After Plaintiff was brutally beaten and humiliated, Defendants denied necessary, needed and requested medical attention in disregard for the serious medical needs of their prisoner. Defendant officers with custody of Mr. Deaton instead transported Mr. Deaton, while still in his underwear, to another location, supposedly in relation to the crime for which Mr. Deaton was suspected, criminal attempt felony pursuant to Tennessee Code Annotated § 39-12-101 to wit: murder. Without justification, Mr. Deaton was transported to a scene that was allegedly related to the reported shooting of Memphis Police Officer, John C. "Chris" Lowrance. At that location,

Mr. Deaton was questioned with reference to the reported shooting of Officer Lowrance, in total disregard for the Plaintiff's wounds which were still bleeding. It is only after the Plaintiff was questioned for some time at this remote location before he was finally permitted medical attention. An ambulance was called which is when Mr. Deaton was video taped.

He was transported to The Med where he was treated for his injuries, which included lacerations to his face, bruises about his face and body and a fracture of the right side of his L-2, L-3 transverse process of his spine.

While receiving treatment at The Med, he was still in the custody of Memphis Police and under arrest for suspicion of the crime reported by Officer John Lowrance. Thereafter the Plaintiff was transported to the Shelby County Criminal Justice Complex where police authorities continued to hold him without lawful process, probable cause or any other legal justification. After several hours of detention, the Plaintiff Danny Deaton was finally released when Memphis Police authorities apparently decided that a mistake had been made and that the Plaintiff Danny Deaton was totally innocent of any wrongdoing.

Memphis Police, including Defendants, Johnson, Wong and Spearman were wholly unjustified in entering the premises at 4047 Grey or arresting the plaintiff, Danny Deaton for reasons including but not limited to the fact that the report issued by Lowrance described an individual with a totally different name, address, physical description and description of vehicle driven by the alleged suspect. Police officers had no basis for entering the premises at 4047 Grey.

The Defendants could have easily ascertained that neither Danny Deaton nor any one else located at 4047 Grey were in any way involved had the named Defendants and/or other involved Memphis Police personnel exercised any diligence in the performance of their duties and had not

wholly failed to make factual investigation of the aforementioned charge in violation of the civil rights of the Plaintiff.

That as a result of the excessive force perpetrated by Defendants above, the Plaintiff Danny Deaton was caused to incur medical expenses for treatment at The Med.  As a result of the misconduct here and before described, the Plaintiff Danny Deaton experienced humiliation, emotional distress and anguish, physical and mental pain and suffering and has incurred medical expenses related to his physical injuries.

The wrongdoing alleged above constitutes a violation of Mr. Deaton's constitutional rights pursuant to the 4th and 14th amendments to the U.S. Constitution and 42 U.S.C. 1983.  Said actions, including but not limited to the trespass and unlawful entry of his residence, excessive force, false arrest and imprisonment, willful and reckless refusal to attend to the serious medical needs of the Plaintiff, outrageous conduct/ intentional infliction of emotional distress and assault and battery of the Plaintiff also constitute violations of the laws of the State of Tennessee entitling Plaintiff to recovery from individual Defendants herein.  The violations of the Plaintiff's civil rights and injuries suffered by him were caused by the actions of the individual Defendants described above.

As a consequence of the abuses detailed above, the Plaintiff has sustained serious damages as hereinbefore alleged.  **At the time that Mr. Deaton was injured, the Defendant Officers Wong, Spearman and Johnson were part of a larger uncontrolled group of officers who were all searching for officer Lowrance's alleged assailant and it is Plaintiff's contention that the Defendants' actions were tantamount to participation in a vigilante mob seeking retribution for the perceived shooting of a fellow officer. (Defendants object to the inclusion of this language in the final Pre-Trial Order) The individual Defendants with**

–6–

custody of Mr. Deaton failed to protect him from the actions of other officers in violation of his civil rights.

Any degree of investigation on the scene would have disclosed that Mr. Deaton was not the man being sought. A search of the premises disclosed no weapon, no plaid shirt or a brown Oldsmobile containing bullet holes. Other persons on the scene could identify Mr. Deaton as Danny Deaton, not Richard Johnson.

**Contentions of Defendant Officers:**

On or about September 23, 1998, Officer Chris Lowrance of the Memphis Police Department notified the Memphis Police Department Dispatcher that he was making a traffic stop at or near Wells Station and Chelsea in Memphis, Shelby County, Tennessee. He subsequently advised the dispatcher that he had been shot and the suspect had driven away. When other officers responded to the location of Officer Lowrance, they received information indicating that the suspect had driven away in an Oldsmobile Cutlass with drive out tags and that the suspect was a male white with a beard. They further received information that the suspect might reside at 4027 Gray Road based on information written in Officer Lowrance's ticket book. Several officers immediately proceeded to patrol the area around the shooting incident and the residential area of Gray Road. They could not locate a residence or address corresponding to the information received. While searching the area, officers received information from citizens in the area that a suspect matching the description was seen coming out of a ditch, going into the front yard of 4047 Gray Road.

Officers Wong and Johnson entered the residence along with other officers and were apparently the first inside the Plaintiff's darkened bedroom. Officer Johnson was holding a shotgun on the Plaintiff. As Officer Wong was attempting to handcuff the Plaintiff, he was

struck causing him to fall. There were multiple other Memphis Police Department officers around the Plaintiff as Officer Wong fell.

Other Officers had entered the bedroom and the Plaintiff was restrained and removed immediately.

Officer Wong reported what had happened as well as the injuries to the Plaintiff to a supervisor after the Plaintiff had been taken to the scene of the alleged shooting. An ambulance was summoned and the Plaintiff was treated and transported to the MED. Officer Johnson also was forthcoming about the incident. Neither of them could identify anyone who had struck the Plaintiff.

Officer Spearman did not enter the Plaintiff's bedroom. Officer Dye did not enter the residence. None of the officers named as Defendants struck the Plaintiff.

## STIPULATED FACTS

1. That the Officers were employed by the City of Memphis Police Department and were on duty and acting in their official capacities at the time alleged in the Complaint.

2. The incidents in question all occurred on September 23, 1998 in Memphis, Shelby County and within the Western District of Tennessee.

3. Officer John (Chris) Lowrance reported to MPD dispatch that he made a traffic stop on a dirt road near intersection of Wells Station and Chelsea.

4. Lowrance later called for help, reporting that he had been fired upon by a suspect and he returned fire. Lowrance reported that he had been shot.

5. MPD dispatch broadcast a call on all frequencies for available cars to respond.

6. After officers responded and officer Lowrance's ticket book was located, information was broadcast by the MPD dispatcher that the suspect was Richard Johnson, male-white with a beard, of 4027 Grey Road, wearing a plaid shirt and driving a brown 1985 Oldsmobile with expired

drive out tags.

    7.      Additional officers joined the search and converged on Grey Road.

    8.      The address reported as 4027 Grey Road could not be located.

    9.      John Christopher Lowrance is now deceased for reasons unrelated to this incident.

## CONTESTED ISSUES OF FACT

**Plaintiff's Contested issues of fact:**

    1.      Whether Defendant officers used excessive force.

    2.      Whether the Defendant officers were guilty of tresspass.

    3.      Whether Defendant officers assaulted and/or battered Danny Deaton.

    4.      Whether Defendants were guilty of intentional infliction of emotional distress and/or outrageous conduct.

    5.      Whether Danny Deaton was guilty of any wrongdoing.

    6.      Whether any of the Defendants violated the Plaintiff's rights under 42 U.S.C. § 1983 or the 4th or 14th Amendments to the U.S. Constitution.

    7.      Whether Danny Deaton sustained injury as a result of any of his rights being violated.

    8.      Whether and to what extent Danny Deaton was by injured Defendants while being taken into custody and thereafter.

    9.      Whether there was any justification for removing Danny Deaton from his residence wearing only boxer short, refusing to allow him to dress, refusing access to a restroom and/or allowing him to be video-taped.

    10.    Whether the Defendant officers were guilty of disregarding the obvious and

serious medical needs of the Plaintiff.

      11.     Does any of the Defendant's conduct entitle Plaintiff to punitive damages.

      12.     Whether the Plaintiff experienced physical, mental and emotional pain and suffering and humiliation as a result of the actions of the Defendants and, if so, to what degree.

      13.     Whether the Plaintiff incurred reasonable and necessary medical and other expenses as a result of the acts of the Defendants and , if so, in what amount.

      14.     Whether the Plaintiff is entitled to damages, either compensatory or punitive and, if so, in what amount.

**Defendant Officers' Contested issues of fact:**

      1. Whether the actions of the Officers constituted excessive force.

      2. Whether the actions of the Officers constituted mere negligence.

      3. Whether the actions of the Officers were objectively reasonable and taken in good faith and they are entitled to qualified immunity.

      4. Whether the actions of these Defendants constituted assault and battery.

      5. Whether the delay in medical treatment constituted a denial of adequate medical treatment.

      6. Whether Plaintiff suffered physical harm and irreparable emotional injury.

## CONTESTED ISSUES OF LAW

**Plaintiff's Contested issues of law:**

      1.     Any issues of law implicit in the contentions of the parties or contested issues of fact above.

      2.     Whether the Plaintiff has a claim for the violation of his rights pursuant to 42 U.S.C. § 1983, and the 4th and 14th Amendments to the U.S. Constitution.

3.        Whether the Plaintiff has established claims for violations of his rights under the laws of the State of Tennessee.

4.        Whether the Plaintiff is entitled to Attorney Fees and Costs and, if so, in what amount.

**Defendant Officers' Contested Issues of Law**

1. Whether the Plaintiff has stated a cause of action pursuant to 42 U.S.C. § 1983 for a Fourth Amendment claim of excessive force or Fourteenth Amendment claim for inadequate medical treatment.

2. Whether the Officers acted in an objectively reasonable manner, with good faith, and are entitled to qualified immunity.

3. Whether the officers are entitled to immunity as to state claims of assault and battery.

4. Whether Plaintiff has sufficient proof of a severe mental injury to support an intentional infliction of emotional distress claim.

## EXHIBITS

**Plaintiff Exhibits:**

Witness statement of Delola Wright

Medical records and bills of Danny Deaton from Regional Medical Center

Photographs of Danny Deaton and dog

Photos of Danny Deaton's injuries

Photographs of 4047 Grey Street

Memphis Police Department Incident Report

Video Footage taken by various News agencies on scene on September 23, 1998

Audio tape recordings of Police communications on date of incidents

Internal Affairs/ Security Squad and any other records of MPD investigations regarding Danny Deaton Arrest

Internal Affairs/ Security Squad and any other records of MPD investigations regarding alleged shooting of John Lowrance

Internal Affairs and any other records of MPD investigations and/or disciplinary proceedings regarding Defendants, John Lowrance, Kam Wong, Cornell Dye, Michael Spearman or Joseph Johnson

Memphis Police Department Precinct Working Files

MPD policy and procedure manuals and/or documents pertaining to issues raised in Complaint

MPD training manuals, materials and/or documents pertaining to issues raised in Complaint

Basic In-service Training for Defendant Officers

MPD Uniform Patrol Division Call Logs/ Roll Call Sheets of all officers listed above as potential witnesses and/or responding to the incidents in question on September 23, 1998

Dispatch tape and computer printout of calls to officers for entire event

Training records of Wong, Spearman, Dye and Johnson

Statement of Charges, Administrative Summons, Hearing Summary Form I, Administrative Summons (Appeal), Commanding Officer's Performance Report re:  Wong, Dye, Spearman and Johnson

The Training Material for the 23red PST and 69th Basic Recruit Class of the Memphis Police Department attended by Wong, Dye, Spearman and Johnson

Statement of Danny Deaton.

Statement of Officer Lowrance.

Photographs of the shotgun.

Ambulance Service Transport Records.

Any exhibits or documents listed by any other party in disclosures or otherwise identified or produced.

Any exhibits or documents listed by any other party in discovery or otherwise identified or produced.

Any exhibits attached to any depositions taken in the cause.

**Defendant Officers' Exhibits:**

1. Arrest ticket of Plaintiff of September 23, 1998

2. Dispatch Tape and computer printout of calls to Officers (for entire event)

3. Dispatch Tape and computer printout of calls to Dispatcher (for entire event)

4. Log Sheets of all officers listed above as potential witnesses for September 23, 1998.

5. Memphis Police Department Policy and Procedures Manual

6. Training Records of Wong, Spearman, Dye and Johnson

7. Offense Report # 980906816

8. Shoot file S026-98

9. Photographs of Chelsea & Wells Station (part of above shoot file)

10. Photographs of Danny Deaton (part of above shoot file)

11. Roll Call Central "A" Shift

12. Roll Calls (from ISB file #I 212-98)

13. OJI Report of Kam Wong dated 9/23/98

14. Dispatch tape and/or printout from ambulance service for Deaton

15. Division of Fire, EMS Report for Deaton 9/23/98

16. Any document listed by any other party in disclosures, discovery or otherwise identified or produced

17. Mug shot of Plaintiff taken 9/23/98.

## WITNESSES

**Plaintiff:**

**Will Call:**

Danny Deaton

**May Call:**

Jeffrey Keith Simpkins

Elmer Gray

Charles Benson

Lt. Cornell Dye

Kam Wong

Joseph N. Johnson

Michael Spearman

Frank Amato

Andrew Nutt

Andrea Pruitt

M.L. Wilson

J. Jordan

P.A. Gianni

Cleveland Foster

J. Farr

Frank Hannah

Thomas Wood McLain

Richard Borden

James H. Bolden

R. Melton

Paul Pritt

Richard A. Davis

J. Goad

G. Deel

D. Beckham

Terrell Hunt

R.L. Shemwell

Officer Murdock Dog Squad

F. Sousoulas

Sgt. P. Burnett

Sgt. W.L. Ashton

Sgt. Hendricks

Sgt. G.B. Blum

Sgt. J.R. Eldridge

The Medical Records Custodian
The Regional Medical Center at Memphis (The Med).

The representative of The Regional Medical Center at Memphis (The Med) who is qualified to testify as to the reasonableness of the medical bills from the Regional Medical Center.

The Records Custodian
of Memphis Fire Department Ambulance

Fred G. Robinette, III
Robinette & Associates, Inc.

Patricia Burnett

Russell Houston

Robert L. Harris

Scott Wilson

James Hall

Mark Collins

Rhonda Lee

Renee Lomandue

Ray A. Turner

Betty Winter

Bishop Mays

Raymond H. Hopkins

Larry Godwin

Jerry Walker, Manager

Alfreda Smith Davis

Sgt. James Oakley

Detective S. Boyett

Detective B. White

Detective R. Wafford

Sgt. F. Adams

Detective S. Marshall

Sgt. L. Ross

Detective C. Mabon

Detective C. Capps

Sgt. R. McIntyer

W. Poteet

V. Macaraeg

A Gary

V Crutchfield

S Hicks

D. Colvin

G. Shull

R. Hence

W. Walker

M. Mclain

P. Lovett

D. Norman

D. Beckman

S. Lester

M. Bishop

T. Monistere

E. Carlisle

C. Slaughter

J. Watkins

H. Moss

J. Donald

M. Wilson

R. Bridges

M. Bach

P. Tremmel

J. Poteet

R. Akines

R. Borden

Benjamin McCoy

Johnny Lee Neal

Larry Joseph Mikell

Danny Ray Lee

Delolia Wright

William Howlett

Walter Crews

Any 30(b)(6) witness identified by City of Memphis.

Representative of City of Memphis Police Department Security Squad/Internal Affairs.

Any officers and/or investigators identified in the investigative reports generated as a result of the arrest of Danny Deaton or alleged shooting of Officer Lowrance.

Any individual identified in the disciplinary files of officers, Spearman, Wong, Dye or Johnson.

Any custodian of records needed to testify as to the authenticity of any records or exhibits identified by any party in their final disclosures.

Any witness listed by any other party in their final disclosures or in this Pre-trial Order.

**Defendant Officers**
**May call:**

1. Officer Cornell Dye

2. Officer Joseph N. Johnson

3. Officer Michael Spearman

4. Officer Kam Wong

5. Elmer Gray

6. Charles Benson

7. Joy Benson

8. Officer W. Poteet

9. Officer T. Hunt

9. Officer V. Macaraeg

10. Officer R. Melton

11. Officer A. Pruitt

12. Officer A. Gary

13. Officer V. Crutchfield

14. Officer S. Hicks

15. Officer D. Colvin

16. Officer G. Shull

17. Officer R. Hence

18. Officer W. Walker

19. Officer  M. Mclain

20. Officer P. Lovett

21. Officer D. Norman

22. Officer D. Beckham

23. Officer S. Lester

24. Officer M. Bishop

25. Officer R. Davis

26. Officer J. Jordon

27. Officer T. Monistere

28. Officer E. Carlisle

29. Officer A. Murdock

30. Officer C. Slaughter

31. Officer J. Watkins

32. Officer J. Goad

33. Officer P. Giannini

34. Officer H. Moss

35. Officer J. Donald

36. Officer M. Wilson

37. Officer G. Deel

38. Officer R. Bridges

39. Officer F. Hannah

40. Officer C. Foster

41. Officer M. Bach

42. Officer F. Amato

43. Officer J. Farr

44. Officer T. McLain

45. Officer F. Sousoulas

46. Officer P. Tremmel

47. Officer P. Pritt

48. Officer J. Poteet

49. Officer R. Akines

50. Officer A. Nutt

51. Officer R. Borden

52. Danny Deaton

53. Jeffrey Simpkins

54. Benjamin McCoy

55. Larry Mikell

56. Johnny Neal Lee

57. Danny Lee

58. Officer R. Moore

59. Officer J. Oakley

60. Robert L. Harris

61. Scott Wilson

62. James Hall

63. Mark Collins

64. Rhonda Lee

65. Renee Lomandue

66. Alfreda Davis

67. Officer R.W. Sojourner

68. Officer S.M. Johnson

69. Officer S. Cook

70. Officer R.L. McIntyre

71. Officer W.C. Sweet

72. Officer H.J. Harris

73. Officer C.R. McCall

74. Officer J.R. Eldridge

75. Officer C.S. Sanders

76. Officer J.M. Ryall

77. Officer C.L. Hendricks

78. Officer R.L. Shemwell

79. Officer T. Helldorfer

80. Officer G.B. Blum

81. Officer S.A. Tracy

82. Officer B. Jennings

83. Officer S.H. Johnson

84. Laura Horton

85. Jeremy Self

86. Terry Avery

87. Laura Hodges

88. Jackie Willis

89. Custodian of the Records Shelby County Jail

90. Custodian of the Records Shelby County Sheriffs Office Bureau of Identification

91. Custodian of the Records City of Memphis Police Department

92. Custodian of the Records City of Memphis Police Communications

93. Custodian of Records Memphis Police Training Academy

94. Custodian of the Records General Sessions Criminal Court Clerk's Office

95. Custodian of the Records Criminal Court Clerk's Office

96. Any witness listed by any other party

## DEPOSITION TESTIMONY

**Plaintiff Deposition Testimony:**

**Plaintiff Will Read:**

Dr. Michael Davis (entire examination by Plaintiff's counsel)

**Plaintiff May Read all or portions of the following depositions:**

Lt. Cornell Dye

Kam Wong

Joseph N. Johnson

Michael Spearman

Lt. Patricia Burnett

Mark Collins

Rhonda Lee

Renee Lamondue

Russell Houston

Robert L. Harris

James Hall

Scott Wilson

Any other representative of the Defendants who were deposed in this cause.

**Depositions to be read by Defendants:**

None will be offered in lieu of a witness by Defendants. Defendants reserve the right to use portions of any depositions taken in this cause depending on the case presented by Plaintiff during the trial.

## TRIAL

This is a jury trial which is estimated to last 2-3 days.

## AMOUNT OF ASCERTAINABLE DAMAGES

Medical Bills total $5,385.93.

City of Memphis EMS Ambulance bill $250.00

## SPECIAL EQUIPMENT

Audio-cassette tape recorder/player

VHS Video Player with Monitor or Screen

Digital Projector with Screen

Elmo projector

Laptop Computer (possible)


**SO ORDERED:**

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

DATE: _July 12, 2005_

Approved:

JOHN BARRY BURGESS, #7255
Attorney for Plaintiff
81 Monroe  Avenue, 6th Floor
Memphis, Tennessee 38103


THOMAS E. HANSOM #8153
Attorney for Defendant Officers
659 Freeman
Memphis, Tennessee 38122
(901) 327-4243

JEAN E. MARKOWITZ #5665
Attorney for Defendant Officers
100 N. Main Street
Suite 2400
Memphis, Tennessee 38103
(901) 526-0206

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 182 in case 2:99-CV-02815 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

Nicholas E. Bragorgos
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Heather Anne Kirksey
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

John B. Burgess
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Honorable J. Breen
US DISTRICT COURT