IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DANNY DEATON,

    Plaintiff,

v.                                      No. 99-2815 B

LIEUTENANT CORNELL DYE,
OFFICER JOSEPH N. JOHNSON,
OFFICER MICHAEL SPEARMAN, and
OFFICER KAM WONG,

    Defendants.

---

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS
WONG AND JOHNSON'S MOTION PURSUANT TO RULE 59 TO ALTER OR AMEND
JUDGMENT, FOR A NEW TRIAL AND FOR QUALIFIED IMMUNITY

---

Before the Court is the motion of Defendants Wong and Johnson pursuant to Rule 59 (a)(1) and 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment, for new trial and for qualified immunity. For the reasons set forth below, the Court DENIES Defendants' motion for a new trial and for qualified immunity and GRANTS Defendants' motion to alter or amend judgment.

## BACKGROUND

Plaintiff, Danny L. Deaton, brought this action under 42 U.S.C. 1983 and 1988 alleging that Defendants, as well as various other Memphis police officers and the City of Memphis, violated his constitutional and state law rights in connection with his arrest on September 23, 1998. Prior to trial, the Court dismissed Plaintiff's claims against several Defendants, including the City of Memphis. In addition, the Court granted Plaintiff's motion for partial summary

judgment, finding Officers Wong and Johnson liable for unlawful search and arrest in violation of Plaintiff's Fourth Amendment rights. At trial, the following claims by the Plaintiff were submitted to the jury: (1) reckless disregard of serious medical needs in violation of the Fourteenth Amendment by Officers Spearman, Dye, Wong and Johnson; (2) outrageous conduct by Officers Wong and Johnson; (3) excessive use of force in violation of the Fourth Amendment by Officer Johnson; and (4) assault and battery by Officer Johnson. The jury was also charged with determination of the amount of damages to be awarded to Plaintiff for the Court's finding of liability for unlawful search and arrest by Officers Wong and Johnson.

At the conclusion of a jury trial, the jury returned a verdict finding in favor of Defendants Spearman, Dye, Wong and Johnson as to the Fourteenth Amendment claim; in favor of Defendant Wong in regard to the outrageous conduct claim; and assessing $10,000 in compensatory damages each against Defendants Wong and Johnson for unlawful search and arrest in violation of the Fourth Amendment. The jury was unable to reach a unanimous verdict as to the excessive force, assault and battery, and outrageous conduct claims against Officer Johnson. As to these latter claims, the Court declared a mistrial. Defendants Wong and Johnson have submitted a timely post-trial motion, as set forth above, to which Plaintiff has responded.

## ANALYSIS

### I. Rule 59(a) Motion for a New Trial

Under Fed. R. Civ. Pro. 59(a), a court may set aside a jury verdict and grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. Pro. 59(a). Courts generally interpret this language to permit a new trial when the jury has reached a "seriously erroneous result," occurring when the

2

verdict is against the weight of the evidence; the damages are excessive; or the trial was otherwise unfair to the moving party because of prejudice or bias in the proceedings. Holmes v. City of Massillon, 78 F.3d 1041, 1045-46 (6th Cir. 1996). In deciding whether to grant a new trial on the basis of prejudice through judicial error, the Court must read Rule 59 in conjunction with Rule 61, Fed. R. Civ. Pro., which admonishes the court to "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties," stating that:

> [n]o error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial . . . , unless refusal to take such action appears to the court inconsistent with substantial justice.

Fed. R. Civ. Pro. 61. Thus, in order to justify a new trial on the ground of judicial error, Plaintiff must show both that the Court actually acted erroneously in making a ruling and, once error has been established, that the error prejudiced the proceedings in a substantive way. Browne v. Signal Mt. Nursery, L.P., 286 F. Supp. 2d 904, 908 (E.D. Tenn. 2003).

Defendants contend that the Court erred in excluding the trial testimony of Lt. Blum as inadmissible extrinsic evidence of a collateral matter, and that, on the basis of this alleged error, they are entitled to a new trial. Wong and Johnson assert that Lt. Blum would have testified that he spoke to Plaintiff while he was in jail regarding the events transpiring in the Plaintiff's home after Wong and Johnson entered, and that Plaintiff told him "basically that he fought because he did not know the persons in the room were police." (Mot. Def.'s Wong Johnson Alter Amend J., New Trial, Qual. Immun. Mem. Supp. Thereof ("Def.'s Mot.") at 4.) Defendants argue that the proposed testimony of Lt. Blum is in direct contravention to Plaintiff's testimony at trial that he "basically took no actions when the officers were in the room" and should therefore have been

3

admitted as an unsworn prior inconsistent statement for impeachment purposes. (Id.)

Fed. R. Evid. 613 permits, albeit by negative implication, the use of extrinsic evidence of a prior inconsistent statement of a witness if the witness is afforded an opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness. Fed. R. Evid. 613(b); see also United States v. Winchenbach, 197 F.3d 548, 557 (1st Cir. 1999). Although a prior inconsistent statement is admissible under Fed. R. Evid. 613(b), a witness may not be impeached on a collateral matter by the use of extrinsic evidence. United States v. Grooms, 978 F.2d 425, 428-29 (8th Cir. 1992); see also United States v. Tarantino, 846 F.2d 1384, 1409-10 (D.C. Cir. 1988) (admissibility of extrinsic evidence offered to contradict a witness is governed by Rules 402 and 403). The purpose of this limitation is to "avoid confusion of the issues and undue extension of the trial." Ewing v. United States, 135 F.2d 633, 643 (D.C. Cir. 1942). A "collateral matter" is one that is "not so irrelevant as to preclude cross-examination, but not relevant enough to permit extrinsic evidence." United States v. Markarian, 967 F.2d 1098, 1102 (6th Cir. 1992).

When considered as evidence offered strictly for the purpose of impeachment, the proposed testimony of Lt. Blum is potentially relevant only to the Plaintiff's claims against Defendant Johnson for excessive force and assault and battery. Whether or not the Plaintiff affirmatively fought or, conversely, took no action when Wong and Johnson entered his home has no tendency to make the existence of any fact that is of consequence to the jury's determination of the amount of damages suffered by Plaintiff for his wrongful arrest, the only determination against Officers Wong and Johnson reached by the jury in the instant case, more probable or less probable than it would be without the evidence. See Fed. R. Evid. 401.

4

Even if the court erred in excluding Lt. Blum's testimony because of relevance to Plaintiff's claims against Johnson for excessive force and/or assault and battery, the error did not prejudice the proceedings in a substantive way and thus, a new trial is not warranted. Fed. R. Civ. Pro. 61. In light of the jury's inability to reach a unanimous verdict on these claims as well as Plaintiff's outrageous conduct claim, the Court declared a mistrial. As Defendant Johnson will receive a new trial as to these claims against him, any error as to the exclusion of relevant evidence is harmless. Accordingly, the Court DENIES Defendants' motion for a new trial on ground of judicial error in excluding the testimony of Lt. Blum.

## II. Motion to Grant Qualified Immunity

Defendants request that the Court reconsider its prior ruling granting Plaintiff's motion for partial summary judgment and alter or amend the Judgment on Jury Verdict pursuant to Fed. R. Civ. Pro. 59(e) to reflect a finding of qualified immunity for Officers Wong and Johnson. The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)). The Sixth Circuit has held that Rule 59(e) motions "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). The rule is "not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal." Sherwood v. Royal Ins. Co. of Am., 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003).

As Wong and Johnson have not presented any newly discovered evidence nor alleged that

there has been a change in the applicable law, to succeed on their motion to alter or amend, they must persuade this Court that its Order was made in error of law or constituted manifest injustice. In its March 2, 2005 order, the Court found that Officers Wong and Johnson violated Plaintiff's Fourth Amendment rights based on its finding that, under the totality of the circumstances, neither probable cause nor exigent circumstances existed to justify the officer's warrantless arrest of Deaton in his home (Order Granting P.'s Mot. Partial Summ. J. Mot Def. City of Memphis Summ. J. ("Order") at 6, 7.) In their motion to alter or amend, the Defendants claim that the actions they took under the circumstances known to them at the time were those of reasonable officers under the circumstances. In support of their contention that their conduct was objectively reasonable, Wong and Johnson assert that "they had information that a man matching the suspect's description had entered the home." (Def.'s Mot. at 7.)[1]

"It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." Payton v. New York, 445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980) (internal quotations omitted). Indeed, the United States Supreme Court has noted that "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." United States v. United States District Court, 407 U.S. 297, 313, 92 S.Ct. 2125, 2134, 32 L.Ed.2d 752. In order to justify their warrantless entry and arrest, Officers Wong and Johnson must show both probable cause and the

---

[1] As a preliminary matter, the facts presented in the Defendants' motion and the record in this case do not support this contention. According to the facts recited, Officer Johnson was informed by another officer that a witness indicated that a man matching the suspect's description had gone into the house from a nearby ditch. (Id. at 6.) As noted in the Court's Order, Officer Wong conceded that he did not learn this information until after Deaton's arrest, thus the information obtained from the witness does not support the reasonableness of his action. (Order at 6 citing Resp. Def., Wong Dep. at 29.)

6

existence of exigent circumstances. Welsh v. Wisconsin, 466 U.S. 740, 749, 104 S. Ct. 2091, 2097, 80 L.Ed.2d 732 (U.S. 1984) (citing Payton v. New York, 445 U.S. at 483-90). The Sixth Circuit has held that four situations may give rise to exigent circumstances: "(1) hot pursuit of a fleeing felon; (2) imminent destruction of evidence; (3) the need to prevent a suspect's escape; and (4) a risk of danger to the police or others." United States v. Williams, 354 F.3d 497, 503 (6th Cir.2003) (citing United States v. Johnson, 22 F.3d 674, 680 (6th Cir.1994).

In response to Plaintiff's Motion for Summary Judgment, Wong and Johnson argued that both probable cause and exigent circumstances existed at the time of their action to justify the warrantless search and seizure of Deaton in his home. As recounted in the Court's Order, the following facts were alleged by the Defendants to have provided probable cause: (1) a dispatcher informed Defendants that an officer had been shot; (2) the suspect, Richard Johnson, residing at 4027 Grey Road, was a white male with a beard, driving an Oldsmobile Cutlass; (3) the address provided by the dispatcher did not exist; (4) upon arrival at Deaton's home on Grey Road, two persons were lying on the ground in the front yard and officers were running toward the front door; and (5) the front door to Deaton's home was open and four to six police officer's were on the porch yelling "police, come out with your hands up." (Order at 5 citing Resp. Def. Officers Pl.'s Mot. Partial Summ. J. Mem. Supp. Thereof ("Resp. Def.") at 2-3 & Johnson Dep. at 9-17 & Wong Dep. at 8-34.)

The Court finds that, based on the facts alleged, the conclusion that the Defendants lacked probable cause to enter Deaton's home or effectuate his arrest was not in error of law. Wong and Johnson offered no evidence of a connection between the suspect identified by the dispatcher and Deaton's home: an Oldsmobile Cutlass was not located near the scene; no attempt was made by

7

the officers to ascertain the identity of the persons lying in the front yard; and no attempt was made to inquire whether a person matching the suspect's description or name resided at Deaton's home prior to entry. As noted above, Defendant Johnson alleges in support of the motion to alter or amend that he was aware of a witness identification of a person matching ths suspect's description, a white male with a beard, entering Deaton's home from a nearby drainage ditch. However, in Johnson's deposition, offered in support of Plaintiff's motion for summary judgment, Johnson could not recall the source or method by which the information was transmitted to him. Johnson confirmed that he did not speak directly with the witness or the officer who questioned the witness and that he made no inquiry into or attempt to verify the information through any other source. (Johnson Dep. at 18-23.) The Court is not persuaded that "the facts and circumstances within [Officer Wong and Johnson's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Beck v. State of Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 226, 13 L.Ed.2d 142 (1964).

Even assuming that the officers had probable cause, there are no facts in the record indicating the exigent circumstances required to justify the warrantless arrest made in Deaton's home. See Payton v. New York, 445 U.S. at 590 (noting that "the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not be reasonably crossed without a warrant."). Wong and Johnson maintain that exigent circumstances did exist, namely that the officers were in hot pursuit of a perpetrator. (See Resp. Def. at 6-7.) In its order, the Court rejected this argument, noting that the Defendants had presented no evidence to show that they had chased Deaton at any time. (Order at 7.) Receipt of information upon

arriving at Deaton's home that a person matching the suspect's description entered the home does not create hot pursuit or an "immediate or continuous pursuit of the [defendant] from the scene of the crime" where none existed. Welsh v. Wisconsin, 466 U.S. at 753. As the Defendants' have presented no newly discovered evidence, intervening change in controlling law, clear error of law or manifest injustice, the motion to alter or amend the judgment is DENIED.

### III. Rule 59(e) Motion to Alter or Amend Judgment

Defendants' motion to correct a clerical error in the Judgment on Jury Verdict is properly considered under Fed. R. Civ. Pro. 60(a) rather than Rule 59(e). See Carroll v. United Compucred Collections, Inc., No. 1:99-0152, 2003 WL 1903266, at *5 (M.D. Tenn. Mar. 31, 2003) ("seeking of a mere technical change in the form of a judgment is more akin to a Rule 60(a) motion to correct clerical errors, rather than a Rule 59(e) motion."). Rule 60(a) provides that "clerical mistakes in judgments . . . and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party." Fed. R. Civ. Pro. 60(a).

Defendants' note and Plaintiff concedes that the Judgment on Jury Verdict entered by this Court on August 2, 2005 contains two clerical errors. First, the Judgment erroneously states that the jury found Officers Wong and Johnson liable for unlawful search and arrest in violation of Plaintiff's Fourth Amendment rights. As set forth above, the Court found the Defendants liable for unlawful search and arrest in its Order Granting Plaintiff's Motion for Partial Summary Judgment and the Motion of Defendant City of Memphis for Summary Judgment entered March

9

2, 2005. The jury considered only the amount of damages to be assessed for those violations. Accordingly, the Judgment on Jury Verdict's assertion that the jury found for the Plaintiff on the illegal search and arrest claim as to Defendants Wong and Johnson is in error.

The Judgment on Jury Verdict also errs in omitting the outcome of the submission to the jury of Plaintiff's Fourth Amendment excessive force claim as to Defendant Johnson. The jury was unable to reach a unanimous verdict in regard to this claim. As such, the Judgment should include Plaintiff's excessive force claim as to Defendant Johnson among those for which the Court declared a mistrial.

## CONCLUSION

Accordingly, for the reasons stated herein, the motion of Defendants Wong and Johnson for a new trial and for qualified immunity is DENIED and the motion to alter or amend judgment is GRANTED. The Clerk is directed to prepare an amended judgment to remove the finding by the jury in favor of the Plaintiff on the illegal search and arrest claim as to Defendants Wong and Johnson, and to reflect that the Court had previously found that conclusion as a matter of law. In addition, the judgment should be amended to reflect that a mistrial was granted as to Plaintiff's claim of excessive force as to Defendant Johnson.

IT IS SO ORDERED this 14th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 201 in case 2:99-CV-02815 was distributed by fax, mail, or direct printing on September 14, 2005 to the parties listed.

---

Nicholas E. Bragorgos
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Heather Anne Kirksey
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

John B. Burgess
MCNABB BRAGORGOS & BURGESS, PLLC
81 Monroe Ave.
Sixth Floor
Memphis, TN 38103--540

Honorable J. Breen
US DISTRICT COURT